UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES ZIMMERMAN and                                           02-CV-0806E(Sc)
PATRICIA ZIMMERMAN,
    Plaintiffs,

 -vs-

3M COMPANY a/k/a Minnesota Mining
 and Manufacturing Co.,
    Defendant.                              MEMORANDUM

---

3M COMPANY,                                                          and
    Third-Party Plaintiff,
                          ORDER[1]

 -vs-

FERGUSON ELECTRIC CONSTRUCTION
 CO., INC.,
    Third-Party Defendant.

---

  In this personal injury case, part of which was removed from Niagara County Supreme Court [2], plaintiff and his wife sued defendant, 3M Company, also known as Minnesota Mining and Manufacturing Co. ("3M"), and others for injuries plaintiff sustained at 3M's O-Cel-O manufacturing plant on May 8, 2001 where he was performing electrical work for his employer, Ferguson Electric Construction Co., Inc.("Ferguson"), pursuant to a contract between 3M and Ferguson.  Plaintiff claims he slipped on a substance on the floor, believed to be

---

  [1]This decision may be cited in whole or in any part.

  [2]The matter with respect to 5 other defendants remains in Supreme Court, Niagara Co.

hydraulic fluid, struck his right shin on a conveyor and fell. The suit alleges causes of action for negligence and violations of NY Labor Law §§200 and 241(6).

3M filed a Notice of Removal herein on November 14, 2002 and on November 21, 2002 filed its Answer with a Third Party Complaint against Ferguson pursuant to an indemnification clause in its contract with them. At issue relative to the third party claim is whether the accident occurred as a result of work performed under the contract and therefore within the terms of the indemnity clause, or unrelated thereto and not covered by the indemnity agreement.

Due to some initial motion practice and discussion regarding additional motion practice, as well as the parties' numerous requests for a delay in conducting the Rule 16(b) conference in this case, a Scheduling Order was not entered herein until February 17, 2006 (Dkt. #17), wherein discovery was ordered to be complete by August 31, 2006 and any motions were required to be served and filed by October 31, 2006. The case was also referred to Magistrate Judge Scott for settlement purposes. On August 28, 2006, with the discovery cut off looming, the first of the instant discovery motions was filed and the parties have since adjourned all settlement conferences scheduled by Magistrate Judge Scott.

Pending before the Court are Plaintiffs' Motion to Extend Discovery and to Compel (Dkt. #20), third-party defendant Ferguson's Motion to Compel and for

Extension of Discovery (Dkt. #21) and defendant 3M's Motion for a Protective Order (Dkt. #25).

Both plaintiffs' and Ferguson's motions complain about 3M's failure to comply with various discovery requests by either totally ignoring them or by belatedly providing blatantly insufficient responses. They seek an order compelling compliance with the following:

(1) Ferguson's Notice to Permit Entry upon Real Property of March 23, 2006, to allow inspection of the site of the accident;

(2) Ferguson's Second Request for Production of Documents dated March 23, 2006; and

(3) Plaintiffs' Notice to Permit Entry Upon Real Property dated June 12, 2006.

Plaintiffs and Ferguson also submit that these discovery disputes provide good cause for the request for an extension of discovery pursuant to Fed. Rule Civ.P.16.

Rather than filing a response to these motions, 3M filed a cross-motion complaining that plaintiffs have not provided transcripts of the depositions from the pending state court action and seeks an order compelling their production. However, the motion primarily seeks a protective order blocking the on-site inspection and production of other materials plaintiff and Ferguson have

requested because of trade secrets. 3M does not dispute that they have not complied with the discovery as alleged by plaintiffs and Ferguson

All parties have responded to the motions and oral argument was heard thereon and, after consideration of the parties' respective arguments, the Court hereby Orders the following:

(1) 3M's motion for a protective order is denied. 3M failed to establish a threshold showing of good cause that the order issue. *See United States* v. *Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421, 425 (W.D.N.Y. 1981) *(citing General Dynamics Corp.* v. *Self Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied* 414 U.S. 1162, 94 S.Ct. 926 (1974)). 3M has alleged in only a conclusory manner that allowing the discovery may expose trade secrets. The Court cannot evaluate the claimed potential injury and the order cannot issue on this basis. *See Hooker Chemicals, supra (citing Schlagenhauf* v. *Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 242 (1964));

(2) 3M's motion to compel discovery is granted in that plaintiffs shall, within 15 days of the entry of this Order, produce for and provide to 3M's counsel, at 3M's expense, copies of the transcripts of the plaintiffs' depositions in the action entitled *Zimmerman, et al.* v. *Joseph Davis, Inc.*, et al., pending in Supreme Court of the State of New York, County of Niagara, Index No. 119216;

(3) Plaintiffs' and Ferguson's motions to compel are granted in that, within 30 days of the entry of this Order, 3M shall comply with Ferguson's and plaintiffs' Notices to Permit Entry for inspection of the accident site;

(4) Prior to such accident site inspection and no later than 20 days after entry of this Order, 3M shall produce the documents requested in Ferguson's Second Request for Production of Documents dated March 23, 2006;

(5) Prior to the production of the documents or the inspection of the accident site as directed above, the parties shall enter into a confidentiality agreement. The parties are free to negotiate the terms of this agreement[3], however, it shall include the following provisions. 3M may identify which documents (including photographs) it is producing that reveal trade secrets and the parties shall agree to keep those documents confidential. The agreement shall also include a provision that all photographs, schematics or drawings that may be generated during the course of the accident site inspection be included in the agreement and also kept confidential. 3M may limit the attendees to this site inspection, but shall not prohibit any party or attorney for that party from attending and shall allow at least one photographer and one expert to attend on behalf of each party.

---

[3] In so negotiating, the parties shall keep in mind the time limitations set forth in this Order with respect to the production of documents and site inspection. The parties are expected to negotiate in good faith and execute the agreement in a timely manner that will not violate any of the above time limitations. In the event that the parties do not comply with the terms of this order, thereby necessitating further motion practice, the Court will consider sanctions against the non-compliant party.

The agreement may limit the inspection to an area of reasonable perimeter around the accident site but shall not limit the parties' ability to take photographs or make drawings thereof and may not require the surrender of any photographs or schematics produced.  Plaintiffs and Ferguson, prior to using any of the material generated as a result of this inspection, shall provide copies for 3M's review and 3M shall have an opportunity to declare them confidential under the agreement; however, 3M shall be required to make all declarations of confidential material within 30 days prior to the deadline for the filing of dispositive motions according to the scheduling order in this case.[4]  The parties shall agree that this confidential material shall be used only for the purpose of the prosecution, defense or settlement of the instant action (02-CV-0806E) or the pending state court action (Niagara Co. Index No. 119216), and for no other purpose, and that such confidential material shall not be used in or for other lawsuits, proceedings or disputes, or for any commercial, business, competitive, or other purpose whatsoever.  The agreement shall further provide that, in the event that any of the confidential items come to be filed during the course of this action (02-CV-806E(Sc)) or the pending state court action (Niagara Co. Index No. 119216), that they shall be filed under seal.

---

[4] A Second Scheduling Order will be filed forthwith.

(6) Plaintiffs' and Ferguson's motion for an extension of discovery pursuant to Rule 16 of the Federal Rules of Civil Procedure is granted.  The Court will forthwith issue a Second Scheduling Order.

In sum, plaintiffs' motion to extend discovery and for an order to compel (Dkt. #20) is **granted** in its entirety, Ferguson's motion to compel and to extend discovery (Dkt. #21) is **granted** in its entirety and 3M's motion to compel and for a protective order (Dkt. #25) is partially granted in that the motion to compel is **granted** and the motion for a protective order is **denied**.

DATED:	Buffalo, N.Y.

February 11, 2007

                                    */s/ John T. Elfvin*
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.